REPLEVIN.                    **Dedman vs Bridges.**

*Case* 108.              ERROR TO THE ANDERSON CIRCUIT.

                    *Estoppel, Morgages, Evidence, Fraud.*

July 3.         JUDGE SIMPSON delivered the opinion of the Court.

Case stated.        BRIDGES having a mortgage on a buggy the property
of Landrum, an execution against the latter in favor of
Mrs. Mitchell, was levied upon it and the mortgagor's
equity of redemption sold, and purchased by Dedman.

Dedman having acquired possession of the buggy
under his purchase, an action of replevin was brought
against him by Bridges, as mortgagee, and a verdict
and judgment obtained against him, by which he was
deprived of the possession of the property.

Subsequently, another execution was issued on the
same judgment in the name of Mrs. Mitchell, but a
small part of it having been paid by the first sale, which
last execution was levied upon the same property, and
a sale made disregarding the mortgage, at which sale
Dedman again became the purchaser, and got posses-
ion of the property.

This action of replevin was then instituted by Bridges
against Dedman for the buggy, and the only question
presented is whether Dedman under this second pur-
chase, has a right to prove that the mortgage to Bridges
was fraudulent, and is, therefore, invalid, and that he
has an absolute title to the property.

A creditor who        If Dedman had remained in possession of the property
levied upon the    under his first purchase, as he would have held it sub-
equity of re-      ject to the interest of the mortgagee, he might have
demption mort-
gaged, not pre-    been precluded by his attitude, according to the decis-
cluded from af-    ion of the case of *McWhorter* vs *Huling* (3 *Dana*, 348,)
terwards levying
his execution      from purchasing for his own benefit, a right to the pro-
upon the same      perty, inconsistent with the title of the mortgagee, al-
property and sel-
ling, disregard-   though such a purchase would have invested him with a
ing the mortgage.  lien to the extent of the money expended for the pur-
pose, if the title acquired proved to be valid.

But as Dedman was not in possession of the property, it seems to us that the fact of his purchase at a previous sale of the equity of redemption, should not have the effect of converting him into a trustee for the benefit of the mortgagee, and thereby preventing him from purchasing at a sale made at the instance of a creditor, without regard to the mortgage.

Nor do we think that the plaintiff in the execution was stopped by the first sale, which recognized the validity of the mortgage, and was made subject to it, from selling the same property in opposition to the claim of the mortgagee, and contesting the validity of the deed to the martgagee. The right of the mortgagee was not affected by the sale of the equity of redemption, he cannot therefore insist upon that sale as precluding the plaintiff in the execution, from attacking the mortgage upon the ground of fraud, and selling again to satisfy the judgment. If any person would have a right to complain of the second sale it would be the purchaser at the first, but as the same individual purchased in this case at both sales, and insists on the validity of the last, we perceive no good or substantial reason why he should not be permitted to show that the mortgage was fraudulent, and to sustain the validity of the title acquired by him at the last sale, in opposition to it.

The decision of the Court below which was based upon a different view of the law is deemed erroneous.

Wherefore the judgment is reversed, and cause remanded, that a new trial may be granted, and further proceedings had in conformity with this opinion.

*Draffin* for plaintiff; *Kavanaugh* for defendant.

A purchaser who purchases property sold subject to mortgage may become the purchaser under a second sale made of the absolute property, disregarding the mortgage, and when sued by the mortgagee, is not estopped by his first position, to show that the mortgage was fraudulent and that his second purchase passed the entire title to the property.